ROBERT W. HAYNES *v.* GEORGE D. BRONSON, WARDEN
(6061)

DUPONT, C. J., BIELUCH and FOTI, Js.

Argued January 13—decision released March 29, 1988

*Benjamin Smith* for the appellant (petitioner).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (respondent).

DUPONT, C. J. The petitioner appeals from the trial court's dismissal of his habeas corpus petition and the denial of permission to file late appeals in two cases. We find error.

In July, 1979, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134, and of assault in the third degree in viola-

tion of General Statutes § 53a-61. He was sentenced for these convictions to a term of imprisonment of two and one-half to five years and to one year, respectively. No appeal was taken from these convictions.

In September, 1981, following his release from incarceration, the petitioner was convicted of possession of narcotics in violation of General Statutes § 21a-279, and of assault in the third degree. He was sentenced to a term of imprisonment of eighteen months to three years on the former charge and to one year on the latter, to be served concurrently. No appeal was taken from these convictions. The petitioner was also found in violation of the probation stemming from his 1979 conviction and his probation was extended to five years. On December 20, 1984, the petitioner was sentenced to a term of incarceration of one year for violation of his probation, due to the 1981 convictions. His service of that sentence expired on August 21, 1985.

The petitioner filed a petition for a writ of habeas corpus dated February 25, 1985, alleging ineffective assistance of counsel based on his counsel's failure to appeal the convictions of 1979 and 1981, despite the assurances of counsel that appeals would be taken. On May 20, 1986, the petitioner filed a motion requesting permission to file a late appeal from both his 1979 and 1981 convictions. On March 10, 1987, the court denied the petitioner's motion for permission to file late appeals, and granted the respondent's motion to dismiss the habeas corpus petition. In response to the petitioner's motion for articulation, the court stated that since the petitioner's sentence for probation violation had expired, the petition for a writ of habeas corpus was moot, and therefore should be dismissed. The trial court subsequently granted the petitioner's request for certification to appeal the dismissal of his petition for habeas corpus to this court.

The petitioner claims that the trial court erred (1) in dismissing as moot his habeas corpus petition, and (2) in denying his motion for permission to file late appeals when his failure to appeal timely was due to ineffective assistance of counsel.

The sole argument made by the respondent in his appeal brief is that the petitioner's claims of error should not be reviewed because he failed to comply with Practice Book § 4065 (c). The respondent argues that the petitioner has failed to refer appropriately to the record or transcripts in the statement of facts contained in his brief.

Practice Book § 4065 (c) provides in pertinent part: "The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies." While a failure to comply fully with this section may preclude appellate review; *Taylor* v. *American Thread Co.*, 200 Conn. 108, 112, 509 A.2d 512 (1986); such review, while more difficult, may nevertheless be appropriate. *McGaffin* v. *Roberts*, 193 Conn. 393, 399 n.6, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985).

In this case, the petitioner has made reference in his statement of facts to the appropriate pleadings, contained in the record. No transcript was available to the petitioner because the motion to dismiss was decided without oral argument. The record, together with the pleadings, is sufficient to allow review.

We agree with the petitioner's claim that the court erred by dismissing his petition on the ground of mootness. The petitioner was in custody at the time he filed his petition for habeas corpus. The expiration of his sentence prior to the decision of the court below did not render his claims moot. *Barlow* v. *Lopes*, 201 Conn. 103, 105 n.2, 513 A.2d 132 (1986); *Herbert* v. *Manson*, 199

Conn. 143, 143–44 n.1, 506 A.2d 98 (1986); see also *Murray* v. *Lopes,* 205 Conn. 27, 31, 529 A.2d 1302 (1987). "In attacking the legality of his conviction, the petitioner has stated a claim that survives his release from incarceration and parole. *Carafas* v. *LaVallee,* 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)." *Herbert* v. *Manson,* supra.

At oral argument in this court, the respondent stated that he might not have filed his motion to dismiss had *Herbert* v. *Manson,* supra, already been decided at the time. The state further argued, however, that the petition of habeas corpus did not raise the issue of whether there were collateral consequences which would save the petition from a mootness claim, and that therefore the petition was properly dismissed.

The record indicates that the petitioner, in his objections to the state's motion to dismiss on the ground of mootness, alleged that he had suffered penalties and disabilities in the past and would in the future. These allegations were sufficient to raise the issue of collateral consequences.

The petitioner also claims that the court erred in denying him permission to file late appeals from his underlying convictions. It is not disputed that the petitioner did not appeal from the 1979 and 1981 convictions. After a determination in a habeas corpus proceeding that a petitioner has been deprived of a constitutional right of appeal, the trial court is authorized to allow a late appeal, despite any rule or statute to the contrary. *State* v. *Stead,* 186 Conn. 222, 226 n.6, 440 A.2d 299 (1982); *Fredericks* v. *Reincke,* 152 Conn. 501, 503, 208 A.2d 756 (1965).

The trial court here held no hearing to determine if the petitioner had forfeited his appellate rights but simply denied him permission to file late appeals. If a petitioner in a habeas corpus action seeks the relief

of permission to file a late appeal, the question to be resolved is whether he deliberately bypassed appellate review of his conviction. *Tyler* v. *Bronson,* 12 Conn. App. 621, 623, 533 A.2d 570 (1987). The court in this case made no such determination.

There is error, the judgment dismissing the petition is vacated and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.