[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#136)
FACTS
On January 17, 1995, the plaintiff, Federal Deposit Insurance Corporation, as receiver for Brookfield Bank (FDIC), filed a three count complaint against the defendants, Mutual Communications Associates, Inc. (Mutual), Richard Demarisco, Robert Rossman, Jerome Terracino, Guardian Systems, Inc., Cadcom, Inc. and the United States Department of the Treasury, Internal Revenue Service. The defendants are the interested parties on a promissory note and mortgaged real property. The plaintiff alleges the following facts in its complaint.
On July 19, 1991, Mutual executed and delivered to Brookfield Bank a promissory note for $270,000. To secure the note, Mutual delivered a mortgage deed to the bank. The defendants Richard T. DeMarisco, Robert Rossman, Jerome G. Terracino and Guardian Systems, Inc., entered into a commercial agreement of guaranty with Brookfield Bank on July 19, 1991. Under this agreement, the defendants guaranteed payment under the terms of the original note. The above defendants went into default in May of 1992. On May 8, 1992, Brookfield Bank was declared insolvent and the FDIC, was appointed as its receiver. A tax lien against Mutual was recorded on September 18, 1992, by the Internal Revenue Service. Cadcom, Inc. recorded an attachment of the mortgaged property on June 25, 1993. The FDIC seeks to foreclose on the mortgaged property, foreclose the subordinate liens by the IRS and Cadcom, obtain a deficiency judgement if necessary, and further appropriate relief. On December 8, 1995, the plaintiff filed a motion for summary judgment on its complaint. The plaintiff also filed an affidavit and a memorandum in support of its motion. None of the defendants have filed a memorandum in opposition.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a CT Page 1412-HH party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]'" Home Ins.Co. v. Aetna Life Casualty Co., 231 Conn. 185, 202, 663 A.2d 1001
(1995), quoting Water Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 664-65, 646 A.2d 143 (1994). A material fact is one that will make a difference in the result of the case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990).
The plaintiff submitted an affidavit by an account officer of the FDIC who reviewed the records of the Brookfield Bank evidencing that the defendants were obligated to the bank as alleged in the complaint. Specifically, paragraph 6 of the promissory note signed by Mutual and guaranteed by defendants DeMarisco, Rossman, Terracino and Guardian Systems, states in part "If I am in default, the full amount I owe you under this Note (including any late charges) will, at your option, become immediately due and payable. You can exercise this option without any demand or notice to me of any kind." The defendants failed to file any opposition to the plaintiff's motion.
The defendants, Rossman, Terracino and Guardian Systems, however, filed notices of the defense of laches in that the plaintiff failed to pursue all remedies available against Mutual prior to the plaintiff's motion for summary judgment. Defendants Terracino and Guardian Systems also answered the complaint, admitting all relevant allegations but for the harm suffered by the plaintiff and denied having received any demand for payment on the note.
"Laches consists of an inexcusable delay which prejudices the defendant . . . [and consists of two elements]. First, there must have been a delay that was inexcusable, and second, that delay must have prejudiced the defendant. . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Co. v. Voll, 38 Conn. App. 198, 210, 660 A.2d 318
(1995). "A conclusion by the trial court that a party has been guilty of laches is one of fact for the trier and not one that can CT Page 1412-II be made by this court, unless subordinate facts found make such a conclusion inevitable as a matter of law." (Internal quotation marks omitted.) Farmers Mechanics Savings Bank v. Sullivan,216 Conn. 341, 350, 579 A.2d 1054 (1990).
The defendants do not argue that the plaintiff has delayed its action in any way that prejudices them. On the contrary, the defendants' claim of laches is predicated on the argument that the plaintiff has not exhausted its remedies against Mutual. The defendants, however, signed a guarantee agreement that bound them to ensure payments on the original note. Therefore, that the defendants' claim of laches does not present a genuine issue of material fact. The defendants allege no delay or prejudice that need be reviewed by a jury and the claim that the plaintiff failed to exhaust its remedies is irrelevant because the defendants guaranteed payment.
The defendants state in their answer that the plaintiff has not been injured. This mere assertion of fact is insufficient to establish the existence of a material fact. See Home Ins. Co. v.Aetna Life Casualty Co., supra, 235 Conn. 202 (indicating that pleadings per se do not constitute documentary proof under § 384). See also Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721, 539 A.2d 592 (indicating that unadmitted allegations do not constitute documentary proof of the existence of a genuine issue as to any material fact), cert. denied, 208 Conn. 803,545 A.2d 1101 (1988). With regard to the defendants' denial that demand was made, a material fact must be one that would alter the outcome of the litigation. See Hammer v. Lumberman's MutualCasualty Co., supra, 214 Conn. 578. Whether demand was made on the defendants Terracino or Guardian Systems is irrelevant to their obligations under the note and agreement. The instrument they signed stated that no demand was necessary to initiate proceedings to collect upon the note when the obligator was in default. The existence of a demand does not alter the liability of the defendants. Therefore, the defendants' answer presents no issue of material fact as well.
The plaintiff has met its burden to support its motion for summary judgment. Additionally, the defendants have not argued evidentiary facts or shown evidence outside the pleadings to demonstrate a genuine issue of material fact. Therefore, the plaintiff's motion for summary judgment is granted. CT Page 1412-JJ
PICKETT, J.