[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas petition initially filed on October 28, CT Page 7860 1992, in which the petitioner, Donald Gamache, claims that his prior incarceration was illegal because he was denied the effective assistance of counsel in his criminal trial.[1] The petitioner alleges that counsel failed to pursue his appeal remedy or petition for a new trial based on newly discovered evidence which would have vacated his sentence in Docket Nos. 21-46899 and 21-46898. Specifically, petitioner claims that his trial counsel did not effectively pursue his claim that he had been falsely identified. Testimony by witnesses at the trial identified the perpetrator as clean shaven and the petitioner claims that during that period of time he had a fully grown mustache.
Hearing on this petition commenced on May 24, 1996, and completed on May 31, 1996, before the Honorable John Walsh. During said hearing the court heard oral testimony from witnesses and documents were received into evidence. The court also received the trial and post-trial transcripts. Prior to Judge Walsh rendering his decision on this petition, he died. Subsequent to his death, the court inquired of counsel in this case if they would concur in allowing the court to review the hearing transcripts, the trial and post-trial transcripts, and take the case "on the papers". Counsel agreed and the court (Hendel, J.) on January 2, 1997, ordered that transcripts be prepared and submitted to a judge for review and that a stipulation regarding that agreement be signed by all counsel and filed with the court. That stipulation was filed with the court on April 17, 1997.
After having reviewed the trial transcripts, post-trial transcripts, and the hearing transcripts in this case, the court makes the following findings and order:
On May 23, 1991, following a trial to the court (Austin, J.) in the Superior Court, Judicial District of New London, in consolidated files CR 91-0046898 and CR 91-0046899, the petitioner was convicted of 2 counts of Burglary in the Third Degree in violation of Section 53a-103 of the Connecticut General Statutes and two counts of Larceny in the Third Degree in violation of Connecticut General Statutes 53a-124.
On September 26, 1991, the petitioner was sentenced to a total effective sentence of four years confinement, execution suspended after two years served, with two years of probation. CT Page 7861
At the time of the hearing the petitioner was not incarcerated on these matters. A threshold issue of subject matter jurisdiction had been raised by the court (Walsh, J.). In addressing this, even the state argued that since there may be "collateral consequences" of having a felony conviction, that was sufficient for the court to have jurisdiction. Since the nature of a habeas petition requires a court to determine if an individual is wrongfully incarcerated or should be granted a new trial, it makes sense to question whether a former inmate has the ability to a hearing on a habeas petition.
In this case, the petitioner was in custody at the time he filed his petition for habeas corpus. The expiration of his sentence prior to a decision of the court does not render his claims moot. Barlow v. Lopes, 201 Conn. 103 (1986); Haynes v.Bronson, 13 Conn. App. 708 (1988). Accordingly, this court will exercise its jurisdiction and decide this case.
At the underlying criminal trial, the petitioner was represented by Public Defender Edward O'Regan of the office of the Public Defender. Subsequent to sentencing, Attorney Robert McCoy, a Special Public Defender, was appointed to represent the defendant.
The basis of the State's case was that the defendant, Donald Gamache, along with two other individuals had burglarized two residences and stolen personalty from these residences. During the criminal trial, Anna Ray, a next door neighbor to one of the burglarized homes, testified that she saw the defendant, Donald Gamache, at the house of her neighbors leaving those premises in a green car with two other individuals, one male and one female, on the date in question. At issue and the premise of petitioner's request is the manner in which Ms. Ray was able to identify defendant Gamache.
On the day of trial, approximately three years after the alleged burglary, Anna Ray was asked to come to court. She appeared on the first day of trial, April 29, 1991, and started her testimony on May 6, 1991. At that time she told the court that she saw the defendant Gamache in court on April 29th when she saw him walking through a door in the courtroom. She did not hear anyone call him by name and there were other people in the courtroom at the time. She testified that she was "checking-out a few different people and I said, well, no, and when this gentleman here walked in, instantaneously I saw his face and I CT Page 7862 knew it was him, the face — it all came back to me and that's when I knew it was him." She testified she had no idea where the door went that he walked through.
Ms. Ray further testified during the course of the trial that on the date in question, the defendant Gamache was clean shaven with longish hair. She testified that she remembered him because ". . . [he] was staring at me out the window, I saw him very, very distinctly and — he scared me."
Other testimony during the trial came from Robert Michaud and Francine Michaud. Both individuals testified that they were with the defendant Gamache on the dates in question and at the time of the robberies. They both testified that he was involved in the two residential robberies, which were the subject of the underlying criminal complaint.
The petitioner testified that he was not clean shaven during that period of time in his life; he had a mustache. He also testified that he was not at the burglarized residence which abutted the Ray property on the date in question.
According to Attorney O'Regan's testimony during the habeas hearing, some time after Anna Ray's testimony at trial, the defendant Gamache told him that he had a mustache on the day in question. Gamache said this could be proven by the photograph taken of him at the jail the day after these alleged burglaries when he was arrested for a Violation of Probation. Attorney O'Regan testified that upon being told this by the defendant, he sent an investigator from his office to the jail to review the defendant's file. That investigator reported to O'Regan that he could not find the picture in the Department of Correction's file. O'Regan then removed himself from the case, concerned that he might have to be a witness if a Motion for New Trial was granted based on a picture, if found, which would constitute new evidence in the case.
Petitioner's claim as to ineffective assistance of Constitution provide the right for effective assistance of counsel. The standard for effectiveness, however, does not require perfection. See Jeffrey v. Commissioner,36 Conn. App. 216 (1994). See also Johnson v. Commissioner,36 Conn. App. 695 (1995). ("Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law.") CT Page 7863
It is important to note that Strickland gives some guidance to this issue of ineffectiveness of counsel and cautions the trial court: ". . .[that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."Strickland, supra at 689-690.
As to the prejudice criterion of the Strickland test, petitioner must prove that counsel's lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial. Herbert v. Manson, 199 Conn. 143
(1986). An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Strickland, supra at 693. In order to be successful on this prong of the test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas, supra. See also Fair v. Warden, 211 counsel is a little unclear but appears to claim that both Attorney McCoy, his second public defender, and Attorney O'Regan, his first public defender, did not act appropriately. Attorney Leon Katz testified in the petitioner's behalf as to the standard of care for effective assistance of counsel. Katz told the court that Attorney O'Regan should have filed a Motion for a New Trial and failed during the trial to get into evidence "key exculpatory evidence".
Attorney McCoy, Gamache's second public defender, testified that he did file a Motion for New Trial, based on the premise of newly discovered evidence. The State objected to the motion, arguing that the evidence was not newly discovered, but if in existence as Gamache suggested, it was available at the time of trial. The Motion for New Trial was denied by the court.
In order for the petitioner to succeed in his claim that he was denied the effective assistance of counsel in either the criminal proceedings or the post-trial motions pertaining to those proceedings, he has the burden of proving two things: first, that his counsel's performance was deficient and second, that he was actually prejudiced by counsel's deficient performance. Strickland v. Washington, 446 U.S. 668 (1984),Bunkley v. Commissioner, 222 Conn. 444 (1992), and Copas v.Commissioner, 234 Conn. 139 (1995). CT Page 7864
The sixth and fourteenth amendments to the United States Constitution and Article First, Section 8 of the Connecticut Conn. 398 (1989).
At the habeas trial, the petitioner testified that he was visited by Attorney O'Regan at the jail, subsequent to his conviction and he thought, prior to his sentencing in the underlying cases. He testified that he gave Attorney O'Regan his picture which he states was taken from his central jail file. He then testified that after Attorney McCoy was in the case, he wrote to Attorney McCoy about the appeal. The petitioner told Attorney McCoy that he wanted to review the trial transcripts before deciding whether to appeal. At that time he was informed that there was no appeal.
The major issue here is one of identification. Gamache claims he could not be the man Anna Ray described leaving her neighbor's house on July 10, 1997. He did not have long hair and he was not clean shaven. A picture of Gamache with fairly short hair and a mustache was introduced at the habeas hearing. During cross-examination, Gamache admitted that at least three or four pictures had been taken of him over the years by the Department of Correction Authorities. There was no evidence presented to the court at the habeas proceeding that the picture which was introduced was in fact a picture which was taken of Gamache two days after the burglary of July 10, 1997.
As to the performance criterion of the Strickland test, there is nothing to show that either Attorney O'Regan or Attorney McCoy did not act within the required standard of reasonable competence. O'Regan sent his investigator out to look for the picture that Gamache said would prove him innocent. McCoy did not pursue the appeal because Gamache was unsure whether he wanted an appeal. Instead, McCoy did pursue a motion for a new trial which was denied.
The petitioner has failed to sustain his burden under theStrickland test. Even assuming arguendo that either Attorney O'Regan or Attorney McCoy did something wrong, their action or failure to act as to the identification issue would not have made any difference to the outcome of the petitioner's trial. As Judge Austin stated when sentencing the petitioner, viewing the totality of the circumstance: Anna Ray's testimony, her husband's testimony, the testimony of Francine Michaud and the testimony of Robert Michaud, there was sufficient evidence to identify the CT Page 7865 defendant. Further, Judge Austin commented that he had the opportunity to scrutinize, observe, and make a credibility determination as to each of the witnesses. Accordingly, the petition is dismissed.
Handy, J.