[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Eddie A. Rodriguez, alleges ineffective assistance of counsel with regard to pleas of guilty entered by the petitioner pursuant to a plea agreement which included a condition that the petitioner withdraw an appeal of a prior conviction.
The petitioner filed his original petition in 1994. After numerous continuances his amended petition was filed on January 27, 1997. A hearing on the petition opened on October 8, 1998 and concluded on December 22, 1998. CT Page 4967
 II
On or about November 18, 1992, and for some time prior to that date, the petitioner was incarcerated as a result of his conviction on various charges on December 5, 1991 and the sentence imposed on March 6, 1992, of 16 years, suspended after nine years (CR6-333659).
On November 18, 1992, the petitioner entered pleas of guilty to one count of criminal attempt to commit assault in the first degree, in violation of General Statutes, Section 53a-59 (a)(1); two counts of criminal mischief in the first degree, in violation of General Statutes, Section 53a-115 (a)(1); and one count of weapons in a motor vehicle, in violation of General Statutes, Section 29-38 (CR6-321451). On that same date, the court (Stanley, J.) imposed a sentence of twenty years, suspended after fifteen years, and four years probation, on the criminal attempt to commit assault one charge, and five years, suspended, on one count of criminal mischief first, consecutive to the criminal attempt to commit assault one, for a total effective sentence of twenty five years, suspended after fifteen years, with four years probation. The petitioner received five years each on the remaining charges, to run concurrent with the assault sentence, with all to be served concurrent with the sentence the petitioner was then serving. The state entered a nolle on another pending matter (CR6-333980) and the court ordered that the petitioner receive jail credit from October 23, 1990. The sentence imposed was basically in accordance with an agreement reached between the state and the petitioner's counsel. As part of the agreement, the petitioner agreed to withdraw with prejudice an appeal, then pending, of his December 5, 1991 conviction (A.C. 11323).
 III
The amended petition is in two counts. Count One alleges ineffective assistance of counsel with regard to the petitioner's plea of November 18, 1992, in that plea counsel failed to advise him of the merits of the appeal (A.C. 11323), which petitioner agreed to withdraw with prejudice as part of the plea agreement, nor of the consequences of petitioner's withdrawing said appeal. Count Two alleges that by virtue of said ineffective assistance of counsel the petitioner's conviction was obtained in violation of his rights to due process under the state and federal constitutions in that his plea was not knowingly, voluntarily and CT Page 4968 intelligently made.
The petitioner asks that his guilty plea in State v.Rodriguez, (CR6-321451), be ordered withdrawn and that his appeal of his conviction in State v. Rodriguez, (CR6-333659) be reinstated.
 IV
The rules governing a claim of ineffective assistance of counsel at the time of plea are well-established. A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable, professional assistance of a competent trial or appellate lawyer and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result would have been different, Strickland v.Washington, 466 U.S. 668, 687-94, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).
A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686.
Pretrial negotiation implicating the decision whether to plead guilty is a critical stage in criminal proceedings, Colsonv. Smith, 438 F.2d 1075, 1078 (5th Circuit, 1971).
The Supreme Court of the United States has determined that the Strickland test applies to claims arising from the plea negotiation process, while modifying the "prejudice" prong, as applied to pleas; a defendant is required to show that "there is a reasonable probability that, but for counsels errors, he would not have pleaded guilty and would have insisted on going to trial", Hill v. Lockhart, 474 U.S. 52, 57-8. "[A]court must indulge a strong presumption that counsels conduct falls within the wide range of reasonable professional assistance . . .,"Strickland v. Washington, supra, at 689.
 V
At the habeas hearing, two witnesses testified. The petitioner testified that during the plea negotiations, there was CT Page 4969 no discussion regarding his right to appeal the earlier conviction. He understood he was waiving his right to appeal the later (November 18, 1992), conviction but didn't think he was giving up the right to pursue his earlier, then pending, appeal (A.C. 11323)
Attorney John R. Williams also testified. He had been retained to represent the petitioner on the appeal of the earlier conviction and also represented the petitioner in the plea negotiations at issue.
Williams described the plea agreement reached as a "package deal" which included withdrawal by the petitioner of the appeal then pending. Williams testified he discussed all items relating to the deal, including the appeal withdrawal and that all aspects were "very explicitly gone into". Williams recalls his client as very intelligent, conversant with criminal law; he recalled that the petitioner had a number of questions in the course of their discussion. Williams had no specific recollection as-to whether he had discussed the merits of said appeal when discussing the plea bargain but was sure he'd given the petitioner a copy of his appellate brief when filed.
No expert testimony was offered concerning the standard of professional assistance which was required in the circumstances of this case.
The petitioner's claim is twofold; first, that he pleaded under the belief that he was agreeing to waive his right to appeal the conviction he was about to have imposed, but not agreeing to withdraw his then-pending appeal; second, that his attorney failed to advise him of the merits of the pending appeal when discussing the proposed plea agreement. As a consequence, and due to his counsels ineffective assistance, his waiver of his right to appeal his earlier conviction was not knowing, intelligent or voluntary, in that counsel never advised him of the merits of his then pending appeal prior to his acceptance of the plea agreement, nor did the court canvass him, prior to sentencing, on the waiver of his appellate rights.
Based on the evidence and testimony presented, the court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that he pleaded under the mistaken belief that he was agreeing to waive his right to appeal the sentence imposed on November 18, 1992 and not agreeing to CT Page 4970 withdraw his appeal then pending.
When determining whether a waiver of appellate rights was valid, the reviewing court should consider the facts and circumstances of the particular case, including the intelligence, background and experience of the petitioner, whether he was fully apprised of his right to appeal and the consequences of his abandonment of that right; and whether he was advised concerning the possible merits of an appeal, Barlow v. Commissioner ofCorrection, 201 Conn. 103, 109-10.(citations, quotation marks omitted).
Applying these tests to the instant claim the court finds that the petitioner, a former police officer was intelligent and conversant with criminal law.
Unlike in Barlow, the petitioner here was agreeing to withdraw an appeal already pending. The presumption is that the petitioner had been adequately advised by his appellate counsel of his right to take said appeal and that he had been advised he had valid grounds for an appeal. Otherwise, the petitioner would not have appealed and the lawyer would have been required to inform the petitioner that he, petitioner, had no valid grounds for appeal.
Testimony as to whether the petitioner had been advised by counsel as to the merits of his pending appeal at the time the petitioner discussed the elements of his plea agreement in the later matter is inconclusive. The petitioner testified there was no such discussion. His plea attorney could not recall if the merits of the said appeal were discussed when considering the said plea agreement but was certain he had given the petitioner a copy of his brief on appeal when filed.
The burden of persuasion is on the petitioner. All the petitioner offers is his bare assertion that the merits of said appeal were not discussed at the time he and his lawyer discussed the proposed plea agreement. In Barlow, that petitioner's lawyers acknowledged, and the trial court found, there had been no advisement to the petitioner concerning the merits of, that is, the likelihood of success on, appeal. In the instant matter, an appeal had already been taken. The petitioner has failed to persuade the court that counsel, an experienced criminal defense lawyer, undertook to represent the petitioner on appeal, and prosecuted said appeal, including filing a brief on the appeal, CT Page 4971 without ever advising his client as to the merits of said appeal.
Further, the court finds the petitioner's testimony lacking in credibility. His claim at time of the habeas hearing that he had thought he was waiving his right to appeal his conviction of November 18, 1992, rather than withdrawing the appeal of his December 5, 1991 conviction is belied by the record:
THE COURT: Now, there is a pending appeal?
 MR. WILLIAMS: Yes, there is, your Honor. An appeal pending to which this case is to run concurrently, that is, docket AC-11323. As part of the plea agreement in this case, that appeal will be withdrawn with prejudice and I will so advise the Appellate Court immediately.
 THE COURT: All right. Is that your understanding of the recommendation in your case, Mr. Rodriguez?.
THE DEFENDANT: Yes, sir.
Exhibit A, Transcript of November 18, 1992 hearing, p. 7.
Nothing in the record of the plea and sentencing suggests that waiver of right to appeal the pending conviction (CR6-321451) was ever contemplated or raised by anyone at time of plea and this court is not persuaded that the petitioner was confused as to which convictions he was waiving his right to appeal.
The court went on thoroughly to canvass the petitioner to ensure his pleas of guilty were knowing and voluntary. The petitioner has failed to establish, by a fair preponderance of the evidence, that his pleas were not made, voluntarily and knowingly and with the assistance of competent counsel.
The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, his claims of ineffective assistance of counsel. The petitioner has failed to establish, by a fair preponderance of the evidence, that counsels performance was deficient, or that, but for counsels errors, he would not have pleaded guilty and would have insisted on going to trial.
 VI CT Page 4972
But this does not end the matter. A defendant's statutory right to appeal is fundamental and must be "jealously protected" (citations omitted), Barlow v. Lopes, 201 Conn. 103, 108-9. A waiver is defined as "an intentional relinquishment or abandonment of a known right or privilege" (citations omitted); and the right of appeal should not be considered as having been waived or abandoned except where it is established that such is the case (citation omitted), Staton v. Warden, 175 Conn. 328,334-5. The record must affirmatively disclose that the petitioner knowingly, intelligently and voluntarily waived his right to appeal. When determining whether the waiver of appellate rights was valid, the reviewing court must consider the facts and circumstances of the particular case, including the intelligence, background and experience of the petitioner; whether he was fully apprised of his right to appeal and the consequences of the abandonment of that right; and whether he was advised concerning the possible merits of an appeal (citations omitted), Barlow v.Lopes, supra, at 109-10. Prior to the acceptance of an agreement to waive an appeal pursuant to a plea bargaining arrangement, care should be taken to inform the accused of the appellate rights to which he is entitled and to the consequences of this decision, Staton v. Warden, supra; at 336.
Here, the trial court's canvass regarding the defendant's waiver of his right to appeal is quoted, supra, in toto. The petitioner was not advised concerning his right to appeal, the consequences of abandonment of that right, nor of the possible merits of his appeal. Here, the record before us does not affirmatively disclose that the plaintiff's waiver of his right to an appeal in conjunction with the plea bargaining agreement was made intelligently, knowingly and voluntarily. The court finds said waiver was not made intelligently, knowingly and voluntarily.
After a determination in a habeas corpus proceeding that a petitioner has been deprived of his right of appeal, the trial court is authorized to allow a late appeal, despite any rule or statute to the contrary (citations omitted), Haynes v. Bronson,13 Conn. App. 708, 711. In accordance with the court's findings, the court will order that the petitioner's right to appeal his conviction in State v. Rodriguez, (CR6-333659), be reinstated.
 VII CT Page 4973
However, this does not require the court to vacate the petitioner's pleas of guilty entered on November 18, 1992 (CR6-321451). The sentencing court's advisement, pursuant to Practice Book, Section 711 [now P.B., S. 33-19] is not challenged. This court is not persuaded that the sentencing court's failure to advise the petitioner concerning his appellate rights resulted in such a significant deficit in the petitioner's comprehension of the consequences of his guilty plea as to invalidate it, D'Amico v. Manson, 193 Conn. 144, 154. The court is not persuaded that but for the alleged failure of the sentencing court to advise the petitioner of his appellate rights, the petitioner would have elected to go to trial rather than plead guilty, Id. The said failure to advise does not require the court to vacate the guilty pleas entered by the petitioner in CR 6-321451 and the court declines to do so.
 VIII
The court finds that the petitioner's waiver of his rights to appeal his conviction in CR 6-333659 was not made knowingly, intelligently and voluntarily.
Accordingly, the petition is granted in part and the orders that the petitioner's right to appeal his conviction in State v.Rodriguez, CR, is reinstated.
By the Court,
Downey, J.