[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER OF DISMISSAL RE: SUBJECT MATTER JURISDICTION
The petitioner brought this habeas action asserting that he is entitled to habeas relief for reason of ineffective assistance of counsel during his trial proceedings.
According to the petition filed by the petitioner, on February 10, 1989, he was sentenced to five years for a violation of § 21-278b C.G.S.; Five years for a violation of 21a-278b; and ten years for a violation of 21a-277a. All of the aforementioned times ran concurrently to one another.
A review of the file indicates that the petitioner finished serving the underlying sentence, but he is now being held on federal charges in a federal detention facility outside of the state of Connecticut.
The Petitioner was not in the custody of any Connecticut facility or official, nor was he on a state of Connecticut probation or parole at the time that he filed the instant petition. Furthermore, the Petitioner has not been in the custody of any Connecticut facility or official, nor has he been on a state of Connecticut based probation or parole at anytime subsequent to the filing of the instant petition.
It appears to this Court that it may not have subject matter jurisdiction over this matter for reason that the Petitioner was not in the custody of a Connecticut Facility or a Connecticut official at anytime during the prosecution of this action and therefore the requested relief may be beyond the jurisdiction of the habeas court.
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
The judicial authority may, at any time, upon its CT Page 7541 own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
 (4) the claims asserted in the petition are moot or premature;
 (5) any other legally sufficient ground for dismissal of the petition exists.
It is undisputed that at the commencement of the instant action, the Petitioner was not in the custody of a Connecticut facility or a Connecticut Official.
"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137-3 8. The federal habeas statute fn2 gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) Maleng v. Cook, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. Vincenzo v. Warden, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466, fn3 a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a Petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also Tracy v. Johnson, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("`[i]t is a condition upon . . . [the] Court's jurisdiction toCT Page 7542 adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective'"). (Emphasis added)
 Ford v. Commr. of Correction, 59 Conn. App. 823, 826
(2000).
It is well settled law in this state that a petition for a writ of habeas corpus is not necessarily rendered moot by the expiration of the Petitioner's sentence, if said appeal was timely filed.
 It is clear that a petition for a writ of habeas corpus, if filed while the Petitioner is in custody, is not rendered moot by the expiration of the Petitioner's sentence. See Barlow v. Lopes, supra, 201 Conn. 105 n. 2; Herbert v. Manson, supra, 199 Conn. 143-44 n. 1. The expiration of a Petitioner's sentence prior to a dispositive decision by the habeas court does not render his claims moot. Haynes v. Bronson, 13 Conn. App. 708, 710-11, 539 A.2d 592
(1988). In attacking the legality of his conviction in a habeas corpus action, the petitioner's claim survives his release from incarceration. Id.; see also Barlow v. Lopes, supra, 105 n. 2; Herbert v. Manson, supra, 143-44 n. 1.
 Smith v. Commr. of Correction, 65 Conn. App. 172, 176
(2001).
The doctrine of collateral consequences now shields from mootness an appeal challenging a criminal conviction even when the appellant has served the sentence imposed.
Carr v. Woolwich, 17 Conn. App. 405, 411 (1989).
In order for a habeas court to have jurisdiction over a habeas matter, the Petitioner must be "in custody". See Ford, Supra. In the instant action the Petitioner was not in the custody of a Connecticut facility or official, or on a Connecticut based probation or parole at the time of the filing of said petition. This Court does not have jurisdiction to grant the Petitioner the relief that he seeks and therefore this matter must be dismissed. So ordered.
___________________ Richard A. Robinson June 11, 2002 CT Page 7543