STATE OF CONNECTICUT *v.* LAWRENCE R. SMITH
(AC 23426)

Foti, West and DiPentima, Js.

Argued February 9—officially released June 15, 2004

*James B. Streeto*, assistant public defender, for the appellant (defendant).

*Proloy K. Das*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Lawrence R. Smith, appeals from the judgment of conviction, rendered after his guilty plea, of assault in the second degree in violation of General Statutes § 53a-60. On appeal, the defendant claims that (1) his rights to a jury trial and against self-incrimination were violated when the trial court failed to advise him that his guilty plea operated as a waiver of those rights, (2) his waiver of his right to counsel was inadequate, and, therefore involuntary, (3) the court failed to inform him of the nature of the charge to which he was pleading guilty and (4) the court improperly participated in plea negotiations. We reverse the judgment of the trial court.[1]

The defendant was charged with assault in the second degree in violation of § 53a-60 and criminal mischief in the third degree in violation of General Statutes § 53a-117 for attacking a correction officer while incarcerated

---

[1] Because of our determination that the defendant was not apprised properly of his right to a jury trial, we need not address his other three claims.

after having been convicted of an unrelated offense. On June 1, 1994, the defendant was arraigned, pleaded guilty to the charge of assault in the second degree and was sentenced to four years imprisonment, concurrent to another unrelated sentence he was serving. The state nolled the criminal mischief charge.

During the arraignment, the court asked the defendant if he wanted to plead guilty, receive a concurrent sentence and "get this over with" or if he wanted to keep coming back to court. The defendant expressed his desire to "get it over with." The court offered the defendant a five year sentence concurrent to the sentence he was serving on the unrelated conviction and then queried, "Do you want to do that?" The defendant responded in the affirmative. The court then inquired whether the defendant wanted a public defender. The defendant said, "No." The court asked whether he was sure, to which the defendant responded, "Positive." The clerk then put the defendant to plea. The defendant pleaded guilty, and the prosecutor recited the factual predicate of the charge. The defendant claimed that the recited facts were not true. The court asked him whether he had gotten into a fight with the officer. Before the defendant responded, the court asked if he caused the injuries, and the defendant said, "I probably did." The court then said, "Now, Lawrence, you understand [that] you could have had a lawyer, you could have gone to trial, witnesses could have been subpoenaed, subject to cross-examination, you could have testified, the state would have been required to prove the case beyond a reasonable doubt. And you're waiving all of those privileges?" The defendant responded, "Yes, sir." The court then recited the elements of the crime stating, "with intent to cause physical injury to another person and causes such injury to such person. Do you have any questions of the court, Lawrence?" The defendant

then waived his right to a presentence investigation by affirmatively stating, "Waive it." The court asked whether the defendant was "comfortable representing [himself] in this matter?" The defendant said, "Yes sir." Finally, the court stated, "[Y]ou understand that I would allow you access to the public defender before I took this plea?" Again the defendant responded in the affirmative. The state then entered the nolle of the charge of criminal mischief.[2]

A complicated procedural history precedes this appeal. On February 18, 1995, the court, without prejudice, denied the defendant's motion to correct an illegal sentence and for appointment of counsel. On October 30, 1995, the defendant filed a petition for writ of habeas corpus. He alleged that his guilty plea to the charge of assault in the second degree was not knowing, intelligent and voluntary. His four year sentence for the assault expired on June 1, 1998. On August 20, 1999, the commissioner of correction filed a motion to dismiss the defendant's petition as moot. The habeas court denied the motion. The commissioner filed a new motion to dismiss the petition as moot. The motion was granted, and the petition was dismissed on March 3, 2000. On April 12, 2000, the defendant appealed to this court from the dismissal of his petition for the writ of habeas corpus. This court reversed the judgment of the habeas court and remanded the matter with direction to reinstate the petition and to conduct further proceedings, concluding that the expiration of a sentence would not render moot a petition for habeas corpus filed while the petitioner was still in custody. *Smith* v. *Commissioner of Correction*, 65 Conn. App. 172, 176, 782 A.2d 201 (2001).[3] On June 26, 2002, the habeas court restored

---

[2] We note that although we need not address the issue, the court's canvass of the defendant was sufficient for the court to conclude properly that his waiver of counsel was knowing, voluntary and intelligent.

[3] The completion of a sentence, or other release from custody, does not render a defendant's appeal moot because the defendant may be subject to collateral legal consequences as a result of the conviction. See *Sibron* v.

the defendant's appellate rights. This appeal from the defendant's 1994 assault conviction followed.

The defendant claims that his constitutional rights were violated by the court's failure to advise him that his guilty plea operated as a waiver of his rights to a jury trial and against self-incrimination.[4] Specifically, the defendant argues that without such information, his plea could not be knowing, intelligent and voluntary. The defendant concedes, as he must, that his claim was not raised at trial and, thus, was not preserved properly. The defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We will review the defendant's claim, as the record is adequate for review, and the alleged violation is of constitutional magnitude because it involves his constitutional right to a jury trial. The defendant's claim also satisfies the third prong of *Golding* because we conclude that it is clear from the record that a violation exists. Finally, the claim satisfies the fourth and final prong of *Golding* because the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt.

We begin by setting forth the standard under which we will review the defendant's claim. "The United States Supreme Court has held that for the acceptance of a guilty plea to comport with due process, the plea must be voluntarily and knowingly entered. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). *Boykin* set forth three federal constitutional

*New York*, 392 U.S. 40, 53–55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968); see also *Barlow* v. *Lopes*, 201 Conn. 103, 112, 513 A.2d 132 (1986) ("[i]t is well established that since collateral legal disabilities are imposed as a matter of law because of a criminal conviction, a case will not be declared moot even where the sentence has been fully served").

[4] The court rejects the claim as to the right against self-incrimination. The waiver was adequate under *State* v. *Carter*, 243 Conn. 392, 398, 703 A.2d 763 (1997).

rights of which a defendant must be cognizant prior to entering a guilty plea: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's own accusers. Id., 243. Since a guilty plea constitutes a waiver of these constitutional rights, a reviewing court cannot presume from a silent record that a defendant knowingly waived these three rights." *State* v. *Carter*, 243 Conn. 392, 397, 703 A.2d 763 (1997).

The second right implicated by *Boykin* is the right to a jury trial. The defendant claims that the court improperly found that he had made an effective waiver of his right to a jury trial. He argues that his waiver was ineffective because the court only used the term trial without the modifier jury. Under the peculiar circumstances of this case, we agree with the defendant that his waiver was not valid.

The state relies on *State* v. *Badgett*, 200 Conn. 412, 419, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986), for the proposition that a canvass that informs a defendant of his right to trial but fails to use the specific term "jury" can satisfy the requirements of *Boykin*. As a general matter, we agree and note that the court's failure to use the term "jury trial" does not in and of itself render a plea involuntary. See id. In *Badgett*, our Supreme Court found that a canvass lacking the term "jury trial" was sufficient under the circumstances to apprise the defendant of his right to a jury trial. Id. In *Badgett*, however, the defendant's prior experience with criminal proceedings, his representation by counsel *and* his election of a jury trial during his original plea of not guilty made it clear that he understood that he had a right to a jury trial. Id. That was not the case here. The defendant was arraigned, entered a plea and was sentenced on the same day. Furthermore, he was not represented by counsel, and at no point in the proceeding did he elect

a jury trial or show any understanding that he had a right to one.

The state argues that the defendant's prior experience in criminal proceedings was sufficient to show that he understood he had a right to a jury trial on the assault charge. In particular, the state argues that the defendant's election of a jury trial on at least two previous occasions would be sufficient evidence from which this court could conclude that the defendant was apprised adequately of his right to a jury trial. Although appealing at first blush, that argument fails to persuade us. This court will not infer that a defendant understood his right to a jury trial simply because he has had one or more jury trials on different charges in the past. Moreover, in the defendant's two prior jury trials, he was represented by counsel, charged with different offenses and was not a sentenced prisoner. We conclude, therefore, that in this case, under these circumstances, the defendant's waiver of his right to a jury trial was not knowing, intelligent and voluntary. The defendant has satisfied his burden under *Golding*, and the state has failed to show that the error was harmless beyond a reasonable doubt.

The judgment is reversed and the case is remanded with direction to allow the defendant to withdraw his guilty plea and for further proceedings in accordance with law.

In this opinion the other judges concurred.