SALVATORE S. CICCIO *v.* COMMISSIONER OF
CORRECTION
(AC 26643)

Flynn, C. J., and Lavine and Foti, Js.

Argued September 18—officially released October 31, 2006

*Christopher M. Neary*, special public defender, for
the appellant (petitioner).

*Harry Weller*, senior assistant state's attorney, with
whom, on the brief, were *Scott J. Murphy*, state's attor-
ney, and *Stephen G. Preleski*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Salvatore S. Ciccio,
appeals from the judgment of the habeas court denying
his amended petition for a writ of habeas corpus. On
appeal, the petitioner claims that the court improperly
concluded that he failed to prove his claim of ineffective
assistance of counsel. We affirm the judgment of the
habeas court.

The petitioner was convicted, following a jury trial,
of assault in the first degree in violation of General
Statutes § 53a-59 (a) (1). The petitioner received a sen-
tence of fifteen years incarceration, execution sus-
pended after five years, followed by five years
probation. He then filed a direct appeal, and this court
affirmed the judgment of conviction. See *State* v. *Ciccio*,

77 Conn. App. 368, 823 A.2d 1233, cert. denied, 265 Conn. 905, 831 A.2d 251 (2003).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel, Susan A. Nawrocki, had provided ineffective assistance. The court rejected the petitioner's claim but later granted his petition for certification to appeal.[1] On appeal, the petitioner claims that Nawrocki's assistance was ineffective because she should have (1) objected to an improper jury instruction and (2) moved to suppress, or otherwise objected to, a statement that the petitioner had made to a state police trooper. We disagree.

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

We first examine Nawrocki's failure to object when the trial court instructed the jury that the petitioner's alleged possession and growing of marijuana could form the basis of a finding that he had the necessary intent to commit assault in the first degree and that he was the person who committed the assault at issue. In

---

[1] Although the petitioner's term of incarceration expired on March 28, 2006, his appeal from the judgment denying his petition for a writ of habeas corpus is not moot because the petitioner attacks the legality of his conviction, and he filed the petition while he was in custody. See *Smith* v. *Commissioner of Correction*, 65 Conn. App. 172, 176, 782 A.2d 201 (2001).

the petitioner's direct appeal, this court determined that that instruction was improper, but nevertheless harmless beyond a reasonable doubt because there was overwhelming evidence of the petitioner's intent to commit assault. See *State* v. *Ciccio*, supra, 77 Conn. App. 373–82. Even if we were to determine that Nawrocki was deficient in failing to object to the improper instruction, we nonetheless would conclude that the petitioner could not have suffered prejudice because this court already has ruled that the instruction was harmless beyond a reasonable doubt.

We next examine Nawrocki's failure to move to suppress or otherwise object to the petitioner's statement to a state police trooper that the petitioner could have killed the victim if he had wanted to do so. The habeas court determined that Nawrocki's performance with respect to that statement was not deficient because the statement was not particularly important in light of the other evidence, and the trooper had failed to include it in his written report. The court further determined that even if Nawrocki's performance was deficient, the petitioner could not have suffered prejudice because all of the other evidence weighed strongly in favor of his conviction. We conclude that the court properly rejected the petitioner's claim of ineffective assistance of counsel.

The judgment is affirmed.

