DOMINIC VINCENZO *v.* CHAIRMAN,
BOARD OF PAROLE
(AC 19352)

Schaller, Zarella and Dranginis, Js.

Argued December 8, 2000—officially released July 10, 2001

*Dominic Vincenzo*, pro se, the appellant (plaintiff).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard T. Biggar*, assistant attorney general, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, Dominic Vincenzo, filed this action against the defendant, the chairman of the board of parole (board), seeking a declaratory judgment that the board is an agency within the meaning of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., that the conditions of parole contained in his parole agreement are board regulations and that those regulations are invalid because the board did not enact them in accordance with the UAPA, specifically, its rule-making procedures. The board thereafter filed a motion to dismiss, claiming, among other things, that the plaintiff's claim more properly should be raised

in a petition for a writ of habeas corpus. The trial court treated the plaintiff's complaint as a petition for a writ of habeas corpus and dismissed the action because the "petitioner" had no right to demand parole and no liberty interest allowing him to contest the failure to follow the terms of his parole.

On appeal, the plaintiff claims that the court improperly dismissed the action without a hearing on the merits and urges this court to decide the substantive question of law as to whether the board of parole is an agency within the meaning of the UAPA that must therefore comply with the rule-making procedures of that act. We agree with the court that the plaintiff did not possess a liberty interest in parole release that would allow him to challenge the conditions of his parole in a habeas corpus action, but we reverse the judgment on the basis that the plaintiff had filed an action for a declaratory judgment, not a petition for a writ of habeas corpus. We therefore need not address the substantive question of law raised by the plaintiff.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, we allow the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." (Citations omitted; internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 308–309, 709 A.2d 1089 (1998).

In this case, the board's motion to dismiss claimed that the court lacked subject matter jurisdiction because the issue raised was not a proper subject for a declaratory judgment action. That claim prompted the plaintiff to file two subsequent petitions for writs of habeas corpus, seeking identical relief. Both petitions were filed under the same docket number and made part of the file in this declaratory judgment action. Ultimately, when the motion to dismiss was scheduled for a hearing, the court wrote "case dismissed" on the board's motion and then filed a memorandum of decision that alluded to the plaintiff's claim that he sought to have the conditions of his parole agreement declared invalid.

Although the memorandum of decision notes that the plaintiff's claim is for a declaratory judgment, the court decided the matter as a petition for a writ of habeas corpus and referred to the plaintiff as "petitioner" in the judgment file. Although there is some authority for converting an action for a declaratory judgment into a petition for a writ of habeas corpus,[1] we conclude that the requirement of a finding of a liberty interest to have standing to bring a habeas corpus petition is not the

[1] In *Coronado* v. *United States Board of Parole*, 540 F.2d 216 (5th Cir. 1976), the plaintiff, who had been released on parole, filed an action asking only for one item of relief—a declaratory judgment that it was a violation of the double jeopardy clause of the United States constitution for the board of parole to impose its standard parole conditions on a federal prisoner who has been released on parole under a statute requiring mandatory release. The United States Court of Appeals for the Fifth Circuit held that the District Court should have taken jurisdiction of the plaintiff's pro se claim by treating it as a habeas corpus petition and thereafter decided the case on its merits. Id., 217.

proper disposition of the plaintiff's declaratory judgment action.

Prior to bringing the declaratory judgment action, the plaintiff attempted to raise, in a habeas action, the same claims he raises here. In that case, we affirmed the habeas court's dismissal of the petition on the basis that the petitioner had no liberty interest to ask for a parole hearing or to demand parole. *Vincenzo* v. *Warden*, 26 Conn. App. 132, 599 A.2d 31 (1991). At the hearing on the motion to dismiss the declaratory judgment action, the plaintiff argued that under *Morrissey* v. *Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), he acquired the necessary liberty interest when he was released on parole and that the holding in *Vincenzo* did not apply.

The plaintiff views the *Morrissey* holding too broadly. *Morrissey* does, indeed, state that once an inmate is released on parole, he acquires a liberty interest in his continued freedom. Id., 479. *Morrissey*, however, makes it clear that the benefits that inure as a result of that liberty interest cannot be taken away without the parolee's being informed of the alleged parole violation and being given a hearing at which he can rebut the allegations. "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Id., 488. Here, the plaintiff does not claim that he was not provided the due process protections that *Morrissey* requires. Nothing in *Morrissey*, or elsewhere, suggests that the liberty interest concomitant with parole release is one that would allow an inmate whose parole has been subsequently revoked in a proceeding that comports with the requirements of due process to demand rerelease on parole because the conditions of parole were invalid.

The fact that the plaintiff has no liberty interest that would allow him to file a habeas petition at this time does not prevent him from pursuing a request for a declaratory judgment pursuant to General Statutes § 4-175. As long as a request for a declaratory ruling has first been filed, as was done here, and as long as the conditions enumerated in § 4-175 for the filing of a declaratory judgment action have been met,[2] a declaratory judgment action will lie to determine the validity of an agency regulation. There is no requirement that a prisoner must have a liberty interest before he can seek a determination as to the validity of an agency regulation that he claims "interferes with or impairs, or threatens to interfere with or impair, [his] legal rights or privileges . . . ." General Statutes § 4-175 (a).

The judgment is reversed and the case is remanded for adjudication of the declaratory judgment action.

In this opinion the other judges concurred.

---

[2] We express no opinion as to whether those conditions have been met in this case.