## ANN MODZELEWSKI ET AL. *v.* WILLIAM RAVEIS REAL ESTATE, INC.
### (AC 20580)
### (AC 21150)

Spear, Mihalakos and Peters, Js.

Argued May 29—officially released September 18, 2001

*Richard L. Albrecht,* with whom was *Barbara M. Schellenberg,* for the appellant (defendant).

*Thomas G. Parisot,* with whom was *Patrick W. Finn,* for the appellees (plaintiffs).

*Opinion*

MIHALAKOS, J. The defendant, William Raveis Real Estate, Inc., appeals from the summary judgment rendered in favor of the plaintiffs, Ann Modzelewski, Theodore Modzelewski, Lenora White and Gordon White, in this summary process eviction proceeding. On appeal, the defendant claims that the trial court improperly (1) granted the plaintiffs' motion for summary judgment, thereby denying the defendant a full evidentiary hearing on its equitable defenses and (2) dismissed the defendant's counterclaim seeking a declaratory judgment of constructive or actual notice. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On November 4, 1996, the defendant entered into a written lease agreement with the plaintiffs with respect to a commercial condominium located in Southbury. Paragraph fourteen of an addendum to the lease provided in pertinent part: "At the expiration of the initial term, IF this lease shall be in full force and effect and Tenant shall have fully performed all of its terms and conditions, the Tenant shall have the option to extend this Lease for two separate and successive extended terms . . . . The Tenant shall exercise the option for an extended term by notifying the Landlord in writing at least six

months prior to the expiration of the then current term. Upon such exercise this lease shall be deemed to be extended without the execution of any further lease or instrument." Paragraph twenty-five of the lease provided in pertinent part: "Any notice which either party may or is required to give, shall be given by mailing the same, postage prepaid to . . . Lessor at the address shown below, or at such other places as may be designated by the parties from time to time." Paragraph twenty-six further provided in pertinent part: "Any holding over after the expiration of this lease, with the consent of Lessor, shall be construed as a month-to-month tenancy . . . ."

The defendant was required to notify the plaintiffs of its intention to renew the lease no later than May 5, 1999. On November 30, 1999, the defendant gave the plaintiff written notice of its intention to renew the lease. That notice was received by the plaintiffs on December 4, 1999. The defendant claimed that it inadvertently had deleted a notation regarding the date for furnishing notice to the plaintiffs from its office computer. The plaintiffs rejected the defendant's notice of renewal by certified letter on December 10, 1999. In the certified letter, the plaintiffs informed the defendant that they had contracted to sell the premises to a third party, William Pitt Real Estate Limited Partnership (Pitt), a direct competitor of the defendant. On December 10, 1999, the plaintiffs served the defendant with a notice to quit possession of the premises on or before January 17, 2000.

On December 17, 1999, the defendant brought an action against Lisa Giordano, Lenora White, Gordon White, Ann Modzelewski, Theodore Modzelewski and Pitt, claiming that (1) Giordano, Lenora White and the Modzelewskis were fiduciaries of the defendant, (2) Giordano, Lenora White and the Modzelewskis breached the fiduciary duty that they owed to the defen-

dant, (3) Giordano owed the defendant the duties of faithfulness, honesty and loyalty and breached those duties, (4) Giordano owed the defendant the duty of good faith and fair dealing and breached that duty, (5) Giordano, the Whites, the Modzelewskis and Pitt had engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or business in violation of General Statutes § 42-110b (a)[1] of the Connecticut Unfair Trade Practices Act, and (6) Giordano, Lenora White and the Modzelewskis had constructive notice of the defendant's intent to renew the lease and therefore were estopped from denying the defendant the right of occupation.

In that action, the defendant sought (1) a temporary and permanent injunction enjoining the lessors from leasing the premises to anyone other than the defendant for the first extended term of the lease, (2) a temporary and permanent injunction enjoining Pitt from occupying the premises, (3) a temporary and permanent injunction compelling Giordano to return to the defendant any documents or materials of any kind that she had taken from the defendant, (4) a judgment declaring that the defendant gave the lessors constructive notice of its intent to renew the lease, (5) a judgment declaring that the lessors and Giordano are estopped from denying that the defendant has the right to occupy the premises during the first extended term of the lease (from November 5, 1999, to November 5, 2002), (6) a judgment declaring that the defendant is in lawful possession during the first extended term of the lease, (7) compensatory damages, (8) punitive damages pursuant to the common law and General Statutes § 42-110g,[2] (9) treble damages

[1] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

[2] General Statutes § 42-110g (a) provides in relevant part: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the

pursuant to General Statutes § 52-564,[3] (10) attorney's fees pursuant to General Statutes § 42-110g,[4] (11) interest and costs and (12) such other relief as the court deemed just and proper. That case is still pending in the Superior Court.

On February 1, 2000, the plaintiffs commenced the present summary process action, seeking to evict the defendant. The defendant asserted several equitable defenses, as well as a counterclaim for a declaratory judgment. In its counterclaim, the defendant claimed that (1) Giordano, Gordon White and Ann Modzelewski were fiduciaries of the defendant and (2) the plaintiffs had constructive notice of the defendant's intent to renew the lease. On February 4, 2000, the plaintiffs filed a motion to dismiss the defendant's counterclaim. On March 1, 2000, the trial court granted the plaintiffs' motion to dismiss the defendant's counterclaim, and the defendant appealed to this court. On March 3, 2000, the defendant sought to add a fourth special defense of constructive or actual notice. The court did not rule on that request. On May 12, 2000, a motion for summary judgment was filed by the plaintiffs. On August 28, 2000, the court granted the plaintiffs' motion for summary judgment. The defendant filed a separate appeal with this court.

I

We address the defendant's appeal in AC 20580 first. The defendant claims that the court improperly dis-

plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. . . . The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary and proper."

[3] General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

[4] General Statutes § 42-110g (g) provides in relevant part: "In any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorneys' fees and injunctive or other equitable relief . . . ."

missed its counterclaim for a declaratory judgment of constructive or actual notice. We do not agree.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, we allow the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) *Vincenzo* v. *Chairman, Board of Parole*, 64 Conn. App. 258, 260–61, 779 A.2d 843 (2001).

In this case, the plaintiffs claimed in their motion to dismiss that the defendant's counterclaim should be dismissed under the prior pending action doctrine in that the same claim was brought by the defendant against the plaintiff and others in a separate action.

"We have explicated the prior pending action doctrine as follows: The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and

always, where the two suits are virtually alike, and in the same jurisdiction. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . . We must examine the pleadings to ascertain whether the actions are virtually alike." (Citations omitted; internal quotation marks omitted.) *Halpern* v. *Board of Education*, 196 Conn. 647, 652–53, 495 A.2d 264 (1985).

After reviewing the record before us, we conclude that the present case and the prior pending action both (1) arise from the same factual background, (2) include the same parties and (3) seek the same goals or objectives. The defendant argues that the parties in the present action and those in the prior pending action are different. Here, the Modzelewskis and the Whites are plaintiffs and Raveis, is the defendant. In the prior action, Raveis is the plaintiff and the Modzelewskis, the Whites, Giordano and Pitt are the defendants. While the parties are not "identical" in that there are two additional parties to the prior action, the identical parties to the present action are involved in the prior one.

The defendant further argues that this court should not apply the prior pending action doctrine because it had "good reason" to bring the counterclaim in this controversy. There is no such exception to the prior pending action doctrine, and the defendant provides us with no law to support its assertion.

Even if the defendant's counterclaim were to be heard on the merits, it fails the test set forth in *Tartaglia* v. *R.A.C. Corp.*, 15 Conn. App. 492, 545 A.2d 573, cert. denied, 209 Conn. 810, 548 A.2d 443 (1988). "Because the six month renewal notice was not given by the required date, the defendant has no right to relief unless it can establish facts which warrant relief under equita-

ble principles. . . . Equitable relief is extraordinary and not available as a matter of right, but rather it is within the discretion of the court. . . . This discretion, however, is not without limitation. . . . The tripartite standard . . . requires that the tenant establish (1) that the delay was a result of mere neglect and not gross or wilful negligence, (2) that the delay was slight, and (3) that the lessor suffered only minimal harm while the harm to the lessee was substantial. All three elements of this standard must be met before equitable relief will be granted." (Citations omitted; internal quotation marks omitted.) Id., 494.

The court correctly concluded that the defendant easily meets the first prong of this standard, as the notation in the computer system was accidentally deleted. We cannot agree with the defendant, however, that a delay in excess of six months was slight. Because the defendant fails to meet the second prong of the *Tartaglia* test, it is not entitled to equitable relief.

## II

In appeal AC 21150, the defendant claims that the court improperly granted the plaintiffs' motion for summary judgment, thereby denying the defendant a full evidentiary hearing on its equitable defenses. The defendant specifically claims that the court applied the wrong standard in evaluating the plaintiffs' motion for summary judgment because a fiduciary relationship existed between the defendant and the plaintiffs. We do not agree.

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal

quotation marks omitted.) *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, 256 Conn. 343, 351, 773 A.2d 906 (2001).

"The standard of review of a trial court's decision to grant summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Boynton* v. *New Haven*, 63 Conn. App. 815, 819, 779 A.2d 186, cert. denied, 258 Conn. 905, 782 A.2d 136 (2001).

The undisputed facts here establish that (1) the plaintiffs and the defendant entered into a written lease for the premises in Southbury, (2) the lease required that the defendant notify the plaintiffs of its intention to renew, in writing, no later than six months prior to the expiration of the lease and (3) the defendant failed to give the plaintiffs timely notice. The trial court properly granted the motion for summary judgment. As discussed previously, even if the court were to have considered granting relief based on equitable principles, the defendant failed to satisfy the test set forth in *Tartaglia*.

The defendant raised its claim of fiduciary duty both in the prior pending action against the plaintiffs and in the counterclaim to this appeal. When the trial court granted the plaintiffs' motion to dismiss the defendant's counterclaim under the prior pending action doctrine, it dismissed the defendant's claim of fiduciary duty. In its memorandum of decision, the court did not address the issue of a fiduciary duty because that issue had been disposed of previously. The defendant continues to litigate the question of a fiduciary duty between itself and the plaintiffs in the prior pending action and thus may not argue it here.

The judgment is affirmed.

In this opinion the other judges concurred.