[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
The petitioner is a sentenced prisoner in the custody of the Commissioner of Correction. He is serving a sentence of life without the possibility of release as a result of his various convictions, which include a capital felony. His claims and relief requested appear in an amended petition filed in this court on August 9, 2001; the essence of the petitioner's claims is that enforcement of Administrative Directive 9.5 and 6.14 were unconstitutional "under the facts and circumstances described herein and an infringement of the petitioner's state and federal constitutional rights" including the rights of due process of law and equal protection of the law.
The petitioner seeks the following relief from the court:
 1. That the court expunge from his record the Disciplinary Reports relating to his classifications of Security Risk Group and Security Risk Group Safety Threat Member.
2. That all lost privileges forfeited be restored to him.
3. That the court grant such other relief as it deems just and fair.
Though the petitioner seeks to expunge the disciplinary reports relating to his classifications, he specifically does not challenge his classification. Pet'r Opp'n to Mot. to Dismiss, at 1. The petitioner also does not allege loss of good time credits or seek restoration of such credits, which, as the respondent correctly argues, the petitioner does not earn or lose as a result of his capital felony conviction. General Statutes § 53a-35a (1).
On October 10, 2001, the respondent filed a motion to dismiss pursuant to Practice Book § 23-29. The motion to dismiss is based on two grounds, namely that the petition does not challenge the fact or length of confinement, but rather the manner in which classification was changed without due process of law, and that the petitioner's allegations do not rise to the level of cruel and unusual punishment. A hearing on this motion was held before this Court on April 1, 2002. CT Page 9169
"The standard of review of a motion to dismiss is well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, [a] . . . trial court [has] wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment,244 Conn. 296, 308-309, 709 A.2d 1089 (1998); Vincenzo v. Chairman, Boardof Parole, 64 Conn. App. 258, 260-1, 779 A.2d 843 (2001).
The amended petition alleges the following facts:
 1. On May 1, 1994, at approximately 9:00 P.M., the petitioner received a disciplinary report "D.R." for security risk group affiliation "S.R.G.A." pursuant to Administrative Directive (A.D.) 9.5.
 2. The petitioner was never given a due process hearing to refute [the] allegations.
 3. On or around [October 17, 1995,] petitioner received a D.R. pursuant to A.D. 9.5 for a fight.
 4. The petitioner was [brought] to close custody for security risk group threat members "S.R.G.T.M."
 5. The petitioner was never given a D.R. for S.R.G.T.M. nor a due process hearing to refute these allegations.
 6. As a direct consequence of these allegations. . ., the petitioner suffered irreparable hardship and the right to go to school and other privileges which continues to this date.
 7. The petitioner received numerous . . . D.R.s during his incarceration which was/are unrelated to these proceedings.
For purposes of the motion to dismiss, this Court will accept these allegations as true. CT Page 9170
"A court may entertain only those habeas petitions that address an illegal confinement or deprivation of liberty. General Statutes §52-466 (a); Vincenzo v. Warden, [26 Conn. App. 132, 137, 599 A.2d 31
(1991)]." Abed v. Commissioner of Correction, 43 Conn. App. 176, 179,682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996). The petitioner in Abed claimed that "as a result of his custodial classification, he ha[d] been prohibited from accumulating good time credits that would automatically accelerate his release date." Id., at 180. The Appellate Court held that "the decision to deny inmates classified as safety threats the opportunity to earn the good time credits . . . does not rise to the level of a constitutionally protected liberty interest." id., at 181-2.
The trial court in Abed had, however, incorrectly "found that § 18-7a
(c) confer[red] a liberty interest to the petitioner" and had "granted the respondent's motion to quash on the grounds that the petitioner had received adequate due process before precluding him from earning good time credits." Id., at 182 n. 4. The "trial court . . . [found] that the respondent provided the petitioner with constitutionally sufficient procedures before precluding him from earning good time credits." Id., at 179. "Thus, because the trial court ultimately reached the correct result, [the Appellate Court] affirm[ed] its decision on alternate grounds." Id., at 182 n. 4.
"The Moody court established the . . . proposition that not every state action that carries adverse consequences for prison inmates automatically implicates or effectuates a due process right. Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." Wheway v. Warden, 215 Conn. 418, 431, 576 A.2d 494 (1990), citing Moody v. Daggett, 429 U.S. 78, 88-9 n. 9, 97 S.Ct. 274,50 L.Ed.2d 236
(1976). "A prisoner has no property or liberty interest in prison employment, increased recreation or educational courses. Similarly, inmates have no protected liberty interest in access to visitors." (Internal citations omitted.) Santiago v. Commissioner of Correction,39 Conn. App. 674, 680, 667 A.2d 304 (1995). A claim of loss of access to a law library, so long as a prisoner is not additionally denied both access to legal assistance and legal materials, also does not rise to being a constitutional violation. Id., at 680-1.
"Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural requirements." Pugliese v. Nelson,617 F.2d 916, 924 (2d Cir. 1980). "In order to prevail on a due process CT Page 9171 claim, [a petitioner] must show that [he has] been deprived of a legally recognized liberty interest, and that [he has] been deprived of liberty without due process of law." Santiago v. Commissioner of Correction, supra, 39 Conn. App. 680.
The petitioner in this matter cannot, as a result of his conviction for a capital felony, earn or forfeit statutory good time. While a forfeiture of good time as a result of disciplinary violations triggers minimal due process requirements; Id., at 682; the petitioner's interests in retaining his non-Security Risk Group/Security Risk Group Safety Threat Member classification, expunging from his record the Disciplinary Reports relating to his classifications of Security Risk Group/Security Risk Group Safety Threat Member and restoration of all lost privileges are not legally recognized liberty interests that invoke due process protection.Id. at 680; Pugliese v. Nelson, supra, 617 F.2d 925.
Based upon the foregoing, this Court finds that the amended petition fails both to state a claim upon which habeas corpus relief can be granted and to allege illegal confinement or deprivation of liberty. The respondent's motion to dismiss is granted. The petition seeking habeas corpus relief is dismissed.
 ___________________ BARRY, JUDGE TRIAL REFEREE