[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
The petitioner is a sentenced prisoner in the custody of the CT Page 10177 Commissioner of Correction. He is serving a sentence of twenty years as a result of his conviction for manslaughter in the first degree in violation of General Statutes § 53a-55 (a)(3). The petitioner's amended petition, filed with the court on February 14, 2000, contains a single count that raises claims emanating from the Supreme Court's decision in the petitioner's first direct appeal of his conviction for murder. The respondent's return denies the petitioner's allegations and raises the defense of procedural default under Johnson v. Commissioner ofCorrection, 218 Conn. 403, 589 A.2d 1214 (1991), and Jackson v.Commissioner of Correction, 227 Conn. 124, 629 A.2d 413 (1993).
The petitioner's reply to the return addresses the procedural default defense by claiming that the issues were not raised on appeal because counsel did not raise them, that such failure to raise the issues "fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law," and that counsel's omissions fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law; and there is a reasonable probability that, but for counsel's omissions, . . . the outcome of the proceedings would have been different." Pet'r Reply to Return, at 2.
The respondent has filed a motion to dismiss on the grounds that the amended petition fails to allege ineffective assistance of counsel and that the single count alleges claims of error made by the Supreme Court. "[T]he claims in Count One are claims which were pursued on direct appeal and decided adversely to the petitioner. . . . A claim already decided on direct appeal is not appropriate for re-litigation via a petition for writ of habeas corpus. Summerville v. Warden, 229 Conn. 397, 419,641 A.2d 1356 (1994)." Mot. to Dismiss, at 1. The petitioner filed an objection to the motion to dismiss. Neither party has requested oral argument in accordance with Practice Book § 11-18(a).
"The standard of review of a motion to dismiss is well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, [a] . . . trial court [has] wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment, CT Page 10178244 Conn. 296, 308-309, 709 A.2d 1089 (1998); Vincenzo v. Chairman, Boardof Parole, 64 Conn. App. 258, 260-1, 779 A.2d 843 (2001).
The amended petition alleges, in relevant part, the following facts:
 1. On or about December 1, 1988, the petitioner's jury was instructed, "if you decide that the state has proven the accused guilty of murder beyond a reasonable doubt, that will end your deliberations, if you make a determination that the state has not proven him guilty of murder beyond a reasonable doubt, you would then consider . . . lesser included offenses to the charge of murder."
 2. In addition to the charge of murder, the petitioner's jury was instructed on the lesser included offenses of manslaughter in the first degree pursuant to General Statutes § 53a-55 (a)(1) (intent to cause serious physical injury) and (a)(3) (reckless indifference).
 3. The jury is presumed to follow the instructions of the trial court.
 4. On December 2, 1988, a jury convicted the petitioner of violating General Statutes § 53a-54a.
 5. The petitioner's jury never considered the mental state element of recklessness necessary to prove manslaughter in the first degree in violation of General Statutes § 53a-55 (a)(3) of which he stands convicted.
 6. On January 13, 1989, the petitioner was sentenced to serve a term of 50 years incarceration.
 7. On February 7, 1989, the petitioner filed an appeal to the Supreme Court and in a decision released February 27, 1990, the Supreme Court found the evidence insufficient to prove the element of intent to kill necessary to convict the petitioner of murder in violation of General Statutes § 53a-54a. State v. Carpenter, 214 Conn. 77, 82-85, [570 A.2d 203] (1990).
8. The Supreme Court found error and remanded the case CT Page 10179 to the Superior Court with direction to modify the judgment to reflect a conviction of Manslaughter in the first degree in violation of General Statutes § 53a-55 (a)(3). Id., at 87.
 9. The petitioner's conviction was entered by the Superior Court in accordance with the rescript from the Connecticut Supreme Court. State v. Carpenter, supra, 214 Conn. 87, and sentencing on September 28, 1990.
 10. On September 28, 1990, the petitioner was sentenced to a term of 20 years, the maximum term of incarceration.
 11. On October 4, 1990, the petitioner appealed regarding the length of this second sentence and the judgment was affirmed on August 20, 1991. State v. Carpenter, 220 Conn. 169, 595 A.2d 881
(1991).
 12. On January 13, 1992, the United States Supreme Court denied the petition for certiorari filed by the petitioner November 12, 1991. Carpenter v. State of Connecticut, 502 U.S. 1034, 112 S.Ct. 877, 116 L.Ed.2d 781 (1992).
 13. On [October] 27, 1994, the 20 year sentence was affirmed by the Sentence Review Division of the Superior Court.
 14. In 1990, the petitioner brought a petition for writ of habeas corpus alleging ineffective assistance of trial counsel. The trial court (Scheinblum, J.) denied the petition and denied certification to appeal. The petitioner brought a writ of error to the Supreme Court, which was dismissed on March 18, 1994. Carpenter v. Meachum, 229 Conn. 193, 640 A.2d 591 (1994).
The petitioner alleges in the current habeas corpus petition that he was entitled to have every element of the offense of conviction decided by the jury. Additionally, the petitioner alleges that his conviction is unlawful because the jury never considered an element of the offense of which he stands convicted, that the Supreme Court is without authority to direct the conviction on an offense never considered by the petitioner's CT Page 10180 jury, that the Supreme Court is without authority to convict the petitioner based on the sufficiency of the evidence to prove an element of the offense not considered by the petitioner's jury, and that the petitioner's conviction of manslaughter in the first degree is in violation of his right to due process of law guaranteed by the Constitution of the United States Amendments V and XIV and ArticleFirst, section 8 of the Constitution of the State of Connecticut, as amended. Am. Pet., at 4-5.
"It is axiomatic that a trial court is bound by Supreme Court precedent. See Martin v. Plainville, 40 Conn. App. 179, 669 A.2d 1242
(1996) (Appellate Court, as intermediate court, is prevented from reexamining or reevaluating Supreme Court precedent)[.] . . . This principle is inherent in a hierarchical judicial system. . . . . [R]evision of Supreme Court precedent is not the trial court's function." (Internal citations omitted.) Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 195, 676 A.2d 831 (1996). "[Lower courts] are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them." State v. Johnson, 71 Conn. App. 272, ___ A.2d ___ (2002), quoting State v. Thomas, 62 Conn. App. 356, 364, 772 A.2d 611, cert. denied, 256 Conn. 912, 772 A.2d 1125 (2001).
On the appeal from the murder conviction, "the [petitioner] argue[d] that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he had the specific intent to cause death. While the [petitioner did] not challenge the state's contention that the evidence established a homicide, he assert[ed] that it established only his culpability of the lesser included offense of manslaughter in the first degree." State v. Carpenter, supra, 214 Conn. 82. The Supreme Court agreed with the petitioner's argument, found error, and remanded the case "with direction to modify the judgment to reflect a conviction of manslaughter in the first degree in violation of 53a-55 (a)(3) and to resentence the [petitioner] in accordance with that conviction." Id., at 240.
While the petitioner attempts to rebut the procedural default defense by claiming that counsel rendered ineffective assistance, the respondent's motion to dismiss is premised upon the amended petition's failure to allege ineffective assistance of counsel and the amended petition's claim of error by the Supreme Court. The petitioner acknowledges that the "issues raised in the Amended Petition were not decided on the initial direct appeal because they resulted from the decision of the Supreme Court in State v. Carpenter, 214 Conn. 77
(1990)." Pet'r Reply to Return, at 1. The petitioner's appeal from the murder conviction, an appeal which sought to have the Supreme Court vacate the murder conviction and instead find the petitioner culpable of CT Page 10181 manslaughter in the first degree, resulted in the petitioner's conviction for manslaughter in the first degree in accordance with the Supreme Court's order.
Based upon the foregoing, this Court finds that it has no authority to review the Supreme Court's decision to remand the petitioner's criminal case to the Superior Court with direction to modify the judgment to reflect a conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a)(3). Consequently, the amended petition fails both to invoke this Court's jurisdiction and to state a claim upon which habeas corpus relief can be granted. The respondent's motion to dismiss is granted. The petition seeking habeas corpus relief is dismissed.
GRAZIANI, JUDGE.