[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS (#104.00)
On September 16, 2002, the petitioner filed a three-count petition for a writ of habeas corpus. The petition challenges the legality of his 1993 conviction for one count of larceny in the third degree in violation of General Statutes § 53a-124, for which the petitioner was sentenced on July 1, 1993, to four (4) years of incarceration. On October 9, 2002, the respondent filed a motion to dismiss the petition pursuant to Practice Book § 23-29(1). The basis for the motion to dismiss is that this court does not have subject matter jurisdiction over the habeas corpus petition because the petitioner was not in custody for the 1993 larceny conviction at the time the present petition was filed. For the reasons stated below, the motion to dismiss is granted.
"The standard of review of a motion to dismiss is well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, [a] . . . trial court [has] wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment,244 Conn. 296, 308-309, 709 A.2d 1089 (1998); Vincenzo v. Chairman, Board of Parole, 64 Conn. App. 258, 260-1, 779 A.2d 843 (2001).
Taking the facts as alleged in the petition, it is evident that the petitioner was not in custody for the 1993 larceny conviction at the time the present petition was filed, which the petitioner acknowledges by CT Page 13878 admitting that the petitioner's sentence for the 1993 larceny conviction expired prior to the present petition. The petitioner argues, however, that he "will continue to have serious collateral consequences arising from that conviction unless the conviction is vacated."[1] Pet., at 2. Stated differently, the petitioner offers as this court's jurisdictional basis over this habeas corpus petition the fact that the petitioner's prior conviction, in and of itself, is a serious collateral consequence. Case law does not, contrary to the petitioner's assertion, support the contention that a collateral consequence itself gives a habeas court jurisdiction over a habeas corpus petition.[2]
"Habeas corpus provides a special and extraordinary legal remedy forillegal detention. The deprivation of legal rights is essential before the writ may be issued. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. When a habeas petition is properly before a court, the remedies it may award depend on the constitutional rights being vindicated. Further, any remedy must be commensurate with the scope of the constitutional violations that have been established." (Internal citations and quotation marks omitted; emphasis added.) Vincenzo v. Warden, 26 Conn. 132, 137-38, 599 A.2d 31
(1991).
General Statutes § 52-466 provides in relevant part: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the personwhose custody is in question is claimed to be illegally confined ordeprived of his liberty[.]" (Emphasis added.) Similar to the federal habeas corpus statute at issue in Carafas v. Lavallee, 391 U.S. 234,238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), Connecticut's statute requires that the petitioner be "in custody" for the challenged conviction at the time the habeas corpus petition is filed.
"It is clear that a petition for a writ of habeas corpus, if filedwhile the petitioner is in custody, is not rendered moot by the expiration of the petitioner's sentence. See Barlow v. Lopes,201 Conn. [103, 105 n. 2, 513 A.2d 132 (1986)]; Herbert v. Manson,199 Conn. [143, 143-44 n. 1, 506 A.2d 98 (1986)]. The expiration of a petitioner's sentence prior to a dispositive decision by the habeas court does not render his claims moot. Haynes v. Bronson, 13 Conn. App. 708, 710-11,539 A.2d 592 (1988). In attacking the legality of his conviction in a habeas corpus action, the petitioner's claim survives his release from incarceration." (Emphasis added.) Smith v. Commissioner of Correction,65 Conn. App. 172, 176, 782 A.2d 201 (2001).
The petitioner in this matter was not in custody for the 1993 larceny CT Page 13879 conviction at the time he filed the present habeas corpus petition. Assuming, arguendo, that the petitioner had filed the present petition while in custody for the 1993 larceny conviction, discharge from custody would nevertheless entail that a habeas court would have continuing jurisdiction over the properly filed petition. if the custody requirement is not met, a habeas court does not have subject matter jurisdiction ab initio over the petition's claims. This court finds, consequently, that it lacks subject matter jurisdiction over the habeas corpus petition.
Taking the facts as alleged in the petition, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. The motion to dismiss is granted in accordance with Practice Book § 23-29(1). The petition seeking habeas corpus relief is dismissed.
 ___________________ S.T. FUGER, JR., JUDGE