[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
On February 4, 1999, the petitioner filed a petition for habeas corpus in which he challenged convictions for assault in the first degree, carrying a pistol or revolver without a permit and failure to appear in the first degree. The petitioner had been sentenced on December 27, 1991, to a total effective sentence of thirty (30) years for the three convictions, said sentence being reduced to a total effective sentence of twenty-five (25) years by the Sentence Review Division. State v. Andrew, Superior Court, Judicial District of Hartford/New Britain, Docket No. CR89-377749 (Jun. 14, 1993, Purtill, Klaczak and Norko, Js.). The petitioner also appealed his criminal convictions, which were affirmed inState v. Andrew, 31 Conn. App. 910 (per curiam), cert. denied,227 Conn. 915 (1993).
The petition for habeas corpus alleges that the petitioner's convictions are illegal because the trial court failed to disclose evidence favorable to the petitioner and because the trial court denied the petitioner's attempt during the criminal proceedings to obtain information from the victim's youthful offender record. On July 26, 2001, the court, T. Sullivan, J., granted a motion to appoint a special public defender, who then filed an appearance in this matter on August 21, 2001.
On June 20, 2002, the respondent filed a motion to dismiss the petition pursuant to Practice Book § 23-29(3). The motion to dismiss argued that the petitioner had previously filed a habeas corpus petition in the Judicial District of Hartford regarding the same convictions, said petition being dismissed after an evidentiary hearing on the merits, and that the petitioner appealed the prior habeas corpus decision under docket number A.C. 18794, said appeal being dismissed. The respondent alleged that the present petition fails to state new facts or proffer new evidence not available in the previous habeas corpus petition. The respondent indicated at the bottom of the motion to dismiss that oral argument was not requested. See Practice Book § 11-18(a) (2). The CT Page 15793 motion to dismiss was supported by copies of the revised amended petition from the prior habeas corpus and the memorandum of decision in Andrew v.Warden, Superior Court, Judicial District of Hartford/New Britain, Docket No. CV94-0542086 (Jun. 5, 1998, Corrigan, J.) in that prior matter [hereinafter "1994 habeas"].
Counsel for the petitioner filed a memorandum in opposition to the motion to dismiss on August 22, 2002. The objection to the motion to dismiss also did not request oral argument. See Practice Book §11-18(a) (3). The petitioner argued that the present claim is based on new facts and evidence, and that the 1994 habeas did not include a claim as to the trial court's refusal to allow the petitioner to introduce evidence of the victim's juvenile record. And while the present habeas corpus petition only raises claims against the trial court, the objection to the motion to dismiss also argued that appellate counsel did not present this issue (i.e., the refusal to allow introduction of the juvenile record) on appeal.
The revised amended petition in the 1994 habeas specifically raised, amongst other claims, the following:
 The petitioner was denied effective assistance of appellate counsel in one or more of the following ways: . . . b) they failed to present the issue of the trial court's error in excluding from the trial the juvenile record of the victim[.]
Judge Corrigan's memorandum of decision in the 1994 habeas addresses the claim as follows:
 As to the allegations . . . claiming ineffective assistance of appellate counsel no witness was called to address them specifically. . . . As to [the claim that appellate counsel failed to present the issue of the trial court's error in excluding from the trial the juvenile record of the victim,] no other reference is made than that the court excluded from the trial "the juvenile record of the victim. . . . The court could find only one area of the trial transcript where the subject matter is alluded to. Defense counsel who had disclosed to him for impeachment purposes a robbery in the second degree conviction and at the same had been permitted to seen an undisclosed youthful offender violation was pressing to enlarge the area under the statute for impeachment by CT Page 15794 convictions of felonies. No juvenile records were specifically referred to nor were the youthful offender proceedings claimed to have impeachment significance under the statute. (Internal citation omitted.)
"The standard of review of a motion to dismiss is well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Accepting as true the allegations in the complaint and all facts provable thereunder, in deciding whether a declaratory judgment action in a given case is appropriate, [a] . . . trial court [has] wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. In sum, at least when there is a prayer for general equitable relief, it is the law in our courts, as it is in the federal courts, that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Pamela B. v. Ment,244 Conn. 296, 308-09, 709 A.2d 1089 (1998); Vincenzo v. Chairman, Boardof Parole, 64 Conn. App. 258, 260-61, 779 A.2d 843 (2001).
"The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as toany other admissible matter which might have been offered for thatpurpose. The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it.
"[A] decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close and the competing interest of a party in the vindication of a just claim. The doctrines of preclusion, however, should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies. . . . [T]he doctrine of res judicata['s] . . . purposes must inform the decision to foreclose future litigation. The scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Emphasis in original.) Cadlev. Gabel, 69 Conn. App. 279, 295-96 (2002). CT Page 15795
The petitioner in the present matter has previously unsuccessfully challenged his criminal convictions via both a direct appeal as well as a 1994 habeas corpus petition in which judgment was rendered in 1998. The claims raised in the present petition, though now directed toward the trial court, were specifically raised against appellate counsel. The previous habeas court "could only find one area of the trial transcript where the subject matter [i.e., the victim's juvenile record] is alluded to. . . . No juvenile records were specifically referred to nor were the youthful offender proceedings claimed to have impeachment significance under the statute." The petitioner is clearly attempting to re-litigate claims he has previously unsuccessfully raised without stating any new facts or proffering new evidence not reasonably available at the time the 1994 petition was litigated.
Based upon the foregoing, this court finds that the present petition "presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition[.]" Practice Book § 23-29(3). Taking the facts as alleged in the present petition, including those facts necessarily implied, and construing them in a manner most favorable to the petitioner, there is no relief that this court can grant under any set of facts that could be proved consistent with the allegations. PamelaB. v. Ment, supra, 244 Conn. 308-09. Respondent's motion to dismiss the habeas corpus petition is granted. Judgment of dismissal is entered in this matter.
S.T. FUGER, JR., JUDGE CT Page 15796